THOMAS COOK, junior, Administrator of BATHSHEBA ALLEN, deceased, v. DANIEL WILLIAMS and JACOB WOOLLEY, surviving Executors of JACOB WOOLLEY, deceased, and others.

In the case of a direct trust, no time bars the claim as between the trustee and *cestui que trust.*

B. A. executed a power of attorney to J. W., and thereby placed her whole property at the disposal of the attorney, with full power to collect her choses in action, and to make sale of her goods and chattels, and out of the principal as well as interest of the proceeds to maintain and support her, with a special provision that J. W. should account whenever required.— *Held,* that this is a direct trust, to which a plea of the statute of limitations is not applicable.

BILL for an account filed 9th of March, 1836. It states, that on the 14th of April, 1807, Bathsheba Allen, the complainant's

28

[Adm'r of Allen v. Ex'rs of Woolley et al.]

intestate, by writing under her hand and seal of that date, appointed Jacob Woolley, the defendants' testator, her attorney, for her and in her name and for her use, to ask for, demand and receive, of and from all persons whatsoever, all moneys then due and to grow due in any way whatever, and if necessary to prosecute for the same, and to put the same out at interest on such security as he should approve of, for her use and support; and if the interest should be insufficient for her support and maintenance, then he was authorized to make use of so much of the principal as might be necessary for that purpose. The said Jacob Woolley was to provide for the said Bathsheba Allen, suitable lodging and board out of what should come to his hands of her said estate, and to render a just and true account of the same when required; and also to do and perform all other matters and things that might be necessary in the premises. Jacob Woolley accepted the trust, and in performance of the duties thereby imposed upon him, collected considerable sums of money and placed them at interest, and provided for the said Bathsheba Allen during her life, as directed in the power of attorney. He died in 1826, without having made any settlement of his accounts. Bathsheba Allen having died intestate, the complainant, at the special request of one of the executors of Woolley, on the 27th of April, 1830, administered upon her estate, for the purpose of procuring a settlement of said trust account. A large balance remained in the hands of Woolley at his death, which still remains unpaid, his executors refusing to account therefor. No settlement has ever been made of the account, except a pretended settlement after the death of Bathsheba Allen, made between one of the executors of Jacob Woolley and a committee appointed by the Shrewsbury meeting of Friends, of which the said Bathsheba Allen and Jacob Woolley, in their lives, were members, and upon which the said Bathsheba had been a charge as a poor member; which settlement was wholly without any lawful authority on the part of said committee. Three sons of Jacob Woolley, the testator, were made defendants, upon a charge contained in the bill, that by the will of the tes-

tator, in case his personal estate should be insufficient to pay his debts, they were directed to pay the deficiency, and that the testator's personal estate was insufficient to pay his debts. The bill contains the usual prayer for an account.

To this bill one of the executors pleaded the statute of limitations; the other defendants, in their answer, relied upon the settlement made by the committee of the Shrewsbury meeting, and their receipt in full, as a defence to the claim. The cause was heard at April term, 1839, upon the pleadings and proofs.

*Randolph* and *Halsted*, for complainant.

*Hartshorne* and *Wall*, for defendants.

THE CHANCELLOR. This bill is filed for an account. The complainant's intestate was a member of the society of Friends at Shrewsbury, in the county of Monmouth ; and being unable or unwilling to manage her private affairs, executed to Jacob Woolley, who was clerk of the meeting and a man of good character and standing in that community, a power of attorney to receive all monies which might then be due her, or which might thereafter become due, and to maintain her out of the same. The original power of attorney is made an exhibit in the cause, and by it the clear object of the parties was, to place all the property of this woman in the hands of Mr. Woolley, in trust, for her support and maintenance. This trust was accepted and acted under by the trustee until his death, which happened in the year 1826. Monies were received by him and put out, and Bathsheba Allen had her support. The trustee was authorized to use the principal as well as interest, if necessary, to take charge of and sell her goods and chattels, and to account whenever required. After the death of Mr. Woolley, nothing further, as it would seem, was paid her. The complainant seeks to have this trust settled. Whether upon a fair adjustment any thing is due or not, must depend upon the account to be taken, and is no part of the present inquiry.

The defendants insist that they are not bound to account, for two reasons. *First,* Because, after the death of their testator, certain persons belonging to the society of Friends, and upon whom this woman had become a charge, in the lifetime of Bathsheba Allen called upon the defendants, and compounded the matter by accepting certain notes in liquidation of the account. This would seem to have been nothing more than the performance of friendly offices on the part of these gentlemen, who desired to get something in aid of the support which the society was then extending to this woman; but they expressly say that what they did was without any authority from her. This can have no binding legal effect, and whether made in good faith or not by the defendants, about which some question is made, it can make no difference. As they had no authority to act in behalf of Bathsheba Allen, her representatives cannot be bound by their doings.

The remaining reason set up by the defendants against their liability to account, is, that the complainant's demand is barred by the statute of limitations. This is really the only question in the cause. As to the general principle on this subject, there is no difficulty. It is well settled that no time can bar the claim in the case of a direct trust as between the trustee and cestui que trust. But whether this is a tiust of such a character, has created the doubt. This whole subject will be found fully discussed in the New-York cases, and it will be there seen how much perplexity it has given rise to. *Decouche* v. *Savetier,* 3 *John. Ch. Rep.* 216; *Goodrich* v. *Pendleton, Ibid,* 387; *Coster* v. *Murray,* 5 *Ibid,* 522; *Kane* v. *Bloodgood,* 7 *Ibid,* 90.

After examining the cases, and fully considering the import of this agreement, I can give it no other construction than that of an express, direct trust, to which no plea of the statute of limitations is applicable. The power of attorney placed the whole property of this woman at the disposal of her trustee, not only her choses in action, but her goods and chattels, with full power to collect in the one and sell the other, and out of the proceeds (as well principal as interest) to maintain and support her, and

with a special provision that the trustee should account whenever required. This is unlike a delegated power confided to a person for a single or limited object; it reached her entire property, related to her whole living, and by its very terms was a continuing fiduciary engagement.

There would be no security, if the statute might be pleaded in a case like this. It would defeat its very object. But there is enough here, even if the statute did apply, to take this case out of its operation. There can be no pretence that the statute began to run in the lifetime of Woolley. He died in 1826. Within six years prior to the institution of this suit, the defendants actually went into a pretended settlement of this account, and took a receipt in full of the same. One of the defendants, Daniel Williams, admits in his answer, that he may have told the complainant that he believed there was a balance due Bathsheba Allen from the estate of Jacob Woolley ; but being interested in that estate himself, he did not intend thereby to make any acknowledgment binding the estate of Woolley. In fact, this executor refuses, from consciencious scruples, to set up the plea of the statute of limitations at all. There need not be an express promise to pay, but it may be inferred from an acknowledgment that the account is open and unsettled. Every feature in this case, as it appears to me, is against the justice and propriety of admitting this plea, and a decree must be entered in the usual form for an account, making to the defendants all reasonable and proper allowances.

Plea overruled. Interlocutory decree for an account and reference to a master.